UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA    :
                            :
         v.                 :     CR No. 11-088M
                            :
JUAN CARLOS HERNANDEZ       :

**MEMORANDUM AND ORDER**

On May 31, 2011, Defendant appeared before me in this case for his Initial Appearance and a Bail Hearing. Based on a Financial Affidavit signed by him under penalty of perjury, I provisionally found Defendant to be eligible for court-appointed counsel, and he was provided court-appointed counsel, Assistant Federal Defender Kevin Fitzgerald, from that date and continuing to the present. However, because of some ambiguity as to the amount of Defendant's available or liquid assets, Defendant was ordered to submit additional financial information to the Court which he did, albeit, in an untimely fashion. A hearing on the issue of eligibility for court-appointed counsel was held on July 26, 2011.

**Discussion**

The Sixth Amendment of the United States Constitution provides a criminal defendant with the right to "assistance of counsel for his defense." Rule 5(d)(1)(B), Fed. R. Crim. P., requires that, at a defendant's initial court appearance on a felony charge, the court inform the defendant of his "right to retain counsel or to request that counsel be appointed if the defendant cannot obtain counsel." Each District Court must have "a plan for furnishing representation for any person [charged with a felony] financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Local Rule CR 44(a) provides that, if the Court determines that the defendant is

financially unable to retain private counsel, it shall appoint the Federal Defender or an attorney on the Court's Criminal Justice Act Panel (a "CJA Attorney") to represent the defendant at no cost. However, if the Court later determines that a defendant has assets from which to pay attorneys' fees, it may, "at any time," order the defendant to pay all or any portion of any attorneys' fees incurred. Local Rule CR 44(a)(3); 18 U.S.C. §§ 3006A(c), (f).

Although the burden of establishing financial eligibility for court-appointed counsel is on the defendant, that burden does not require a showing of complete indigency or destitution. See United States v. Santiago-Fraticelli, 818 F. Supp. 27, 29-30 (D.P.R. 1993). As a practical matter, criminal defense counsel who are able to adequately handle felony cases in Federal Court require a substantial up-front payment of fees or a "retainer" before they will enter an appearance as defense counsel. Thus, in considering requests for court-appointed counsel, the Court must consider liquid assets at the time of initial appearance as well as total assets, income and expenses.

Defendant is divorced and has two minor children who reside with his ex-wife. Defendant reports that he is in arrears as to child support and is in the process of liquidating an IRA account "for the purpose of paying child support arrearage." He initially reported that he had $1,400.00 cash on hand. He now reports that he jointly owns an investment account with his ex-wife containing approximately $3,900.00. He also reports that he has approximately $2,800.00 in a 401k account with his current employer and a pension benefit from a prior employer "not accessible to him until retirement age." He currently nets approximately $2,500.00 per month in salary and commissions and initially reported approximately $1,300.00 in monthly expenses and that he was paying $800.00

per month in child support by agreement with his ex-wife.[1] Thus, on paper, Defendant presently has a small positive negative monthly cash flow.

Plaintiff is gainfully employed, did not report any debt (other than child support), has money in investment accounts, and reported some cash on hand. Thus, although Defendant does not appear to have sufficient assets to retain competent defense counsel for this complicated, multi-count mortgage fraud case, he can afford to contribute something towards the cost of his defense.

The present issue requires the Court to balance the realistic financial circumstances of Defendant with the discretionary authority to require a Defendant provided with court-appointed counsel at taxpayer expense to bear some or all of that cost from available assets. Based on the Court's review of the entirety of Defendant's financial situation, he is ordered to pay $3,000.00 towards the costs of his defense. Currently, the CJA maximum for payment to court-appointed counsel is $9,700.00 at an hourly rate of $125.00. 18 U.S.C. § 3006A(d)(2). Thus, the $3,000.00 reimbursement amount is approximately 30% of the case maximum for CJA-appointed counsel and represents only twenty-four hours of attorney time.

**Conclusion**

For the foregoing reasons, I ORDER that Defendant Juan Carlos Hernandez pay the amount of $3,000.00 to the Clerk as reimbursement for the cost of court-appointed counsel pursuant to 18 U.S.C. § 3006A(f); Local Rule CR 44(a)(3). Such amount shall be paid in three equal monthly installments of $1,000.00 payable on or before August 31, 2011, September 30, 2011 and October

---

[1] Defendant indicates that his Court-ordered child support obligation of $3,000.00 per month was never adjusted after he lost his previous (higher paying) job as a mortgage broker and that he is paying $800.00 monthly "per agreement with spouse."

31, 2011, and the Clerk shall arrange for such payments to be applied or credited to the Defender Services' Appropriation Fund.

SO ORDERED

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 27, 2011